UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

JUN 1 5 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-329-GWU

VIRGIE HALL,                                                    PLAINTIFF,

VS:                          MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT,

## INTRODUCTION

Virgie Hall brought this action to obtain judicial review of an unfavorable

administrative decision on her application for Supplemental Security Income

(SSI). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for

judicial analysis of benefit denial cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2.  See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to step 4.  If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)?  If yes,

1

the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work?  If yes, the claimant is not disabled.  If no, proceed to step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply.  Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.  1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. 404.1521, 416.921.   The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).  The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Hall, a 48 year-old woman with a "limited" education and no past relevant work history, suffered from impairments related to chronic low back pain, atypical chest pain, and a major depressive disorder. (Tr. 272, 275, 282). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 282). Based upon application of Rule 202.17 of the Medical-Vocational Guidelines,[1] the ALJ determined that the claimant was not disabled. (Tr. 282).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. The ALJ erroneously relied upon the medical-vocational guidelines despite the existence of numerous mental and physical non-exertional limitations. However, the current record also does not mandate an immediate award of SSI. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it

---

[1]A vocational expert did not testify at the August, 2003 hearing. (Tr. 570-571).

5

seeks a remand of the action for further consideration, and deny that of the defendant.

Among the non-exertional restrictions found by the ALJ were an inability to more than occasionally climb, stoop, or crawl and a "moderately" limited ability to understand, remember and carry out detailed instructions, relate to the public, respond appropriately to routine changes in the work setting, and to maintain extended attention and concentration. (Tr. 282). The defendant argues that Social Security Ruling 85-15 supports a finding that these aforementioned mental and physical limitations would be compatible with performance of the full range of light level work. Social Security Ruling 85-15 states that some restriction concerning climbing, when it is the only limitation, would not ordinarily have a significant impact on one's ability to work. However, in this action, the plaintiff has been found to have numerous other restrictions. The ruling also addresses mental restrictions which would not necessarily be disabling. Once again, the situation contemplated by Social Security Ruling 85-15 is one in which the claimant suffers only from a mental impairment. Therefore, the testimony of a vocational expert was clearly required in this action.

In determining Hall's residual functional capacity, the current ALJ made the same findings as a previous ALJ in an administrative decision which became final on February 18, 1999.[2] (Tr. 271-272). The ALJ in this prior application did present these restrictions to Vocational Expert William Ellis who identified the existence of a significant number of jobs which could still be performed. (Tr. 254-255). However, these jobs cannot provide an alternative ground to support the current administrative decision because the present record indicates that

---

[2]The undersigned affirmed this previous denial decision in January of 2001.

6

more severe mental limitations than those found by the ALJ in the earlier application are now required.

Psychologist Edward Lovelace, the only mental health professional to examine Hall during the relevant time period, opined that she was totally disabled by her mental condition. (Tr. 496). Psychologists Jane Brake (Tr. 530-531) and Ann Demaree (Tr. 534-535), the non-examining medical reviewers, each indicated that the plaintiff would be "moderately limited" in the ability to complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at consistent pace without unreasonable number and length of rest periods. Therefore, the current evidence clearly suggests the existence of more severe mental limitations than found on the earlier denial decision and, so, Ellis' vocational testimony cannot be relied upon as an alternative ground to support the administrative decision.

The administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the _15_ day of June, 2005.

G. WIX UNTHANK
SENIOR JUDGE

7